# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: SHOP-VAC MARKETING AND : | |
| SALES PRACTICES LITIGATION : | MDL No. 2380 |
| : | |
| : | No. 4:12-md-2380 |
| THIS DOCUMENT RELATES TO: : | |
| : | (Judge Kane) |
| ALL CASES : | |
| : | |

## FINAL APPROVAL ORDER[1]

**AND NOW**, on this 9th day of December 2016, **IT IS HEREBY ORDERED THAT**

Plaintiffs Andrew Harbut, Alan McMichael, Kris Reid, David Palomino and Scott Giannetti's

motion (Doc. No. 172), is **GRANTED** as follows:

1. The Court has personal jurisdiction over the Parties and the Settlement Class Members. The Court has subject matter jurisdiction to release all claims and causes of action released in the Settlement. The Court has subject matter jurisdiction to approve the Settlement;

2. The Settlement Agreement (Doc. No. 162-1), is approved. The Court finds that the Settlement is fair, reasonable, and adequate to members of the Settlement Class, and the Court grants final approval of the Settlement and enters this Final Approval Order implementing its terms. The Court adopts and incorporates the terms of the Settlement Agreement for purposes of this Final Approval Order, including the definitions set forth in the Settlement Agreement;

3. Defendants are directed to provide benefits as outlined in Section IV of the Settlement Agreement;

4. Pursuant to Federal Rule of Civil Procedure 23(b)(3), the Court hereby certifies the following Settlement Class for settlement purposes only:

    a. Each person in the United States and its territories who, from January 1, 2006 to May 26, 2016, either (1) purchased a Vacuum, or (2) received a Vacuum as a gift, or (3) acquired possession of a Vacuum through other lawful means. Excluded from the Settlement Class is any person or entity who purchased or acquired a Vacuum for the purpose of resale,

---

[1] To avoid ambiguity, the Court incorporates the definitions provided in Section I of the proposed Settlement Agreement. (Doc. No. 162-1 at 5-10.)

1

        all judges to whom the Lawsuits are assigned and the officers, directors and counsel of record of Defendants, and all employees of Defendants;

5. The Settlement Class satisfies the requirements of Federal Rules of Civil Procedure 23(a) and 23(b)(3);

6. Andrew Harbut, Alan McMichael, Kris Reid, David Palomino, and Scott Giannetti are appointed as the representatives of the Settlement Class, and the law firm Dilworth Paxson LLP is appointed as Liaison Counsel, and the law firms Faruqi & Faruqi, LLP, Lax LLP, Lite DePalma Greenberg, LLC, and Milberg LLP are appointed as Class Counsel for the Settlement Class;

7. If for any reason the Settlement Agreement should fail to become effective, Defendants' stipulation to certification of the Settlement Class, or to any other class or subclass, shall be null and void, and the Parties shall return to their respective positions in the Lawsuits as those positions existed on September 3, 2015, when the Parties reached an agreement-in-principle to settle. Nothing stated in the Settlement Agreement shall be deemed an admission or waiver of any kind by any of the Parties or used as evidence against, or over the objection of any of the Parties for any purpose in the MDL, the New Jersey Action, or any other action or proceeding of any kind;

8. The Court hereby finds and concludes that members of the Settlement Class have been provided the best notice practicable of the Settlement and that such notice satisfies all requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, and all other applicable laws;

9. All persons named in the Request for Exclusion List (Doc. No. 209-1), are excluded from the Settlement Class and will not be bound by the terms of the Settlement;

10. The Court awards $5,000.00 to Plaintiff Andrew Harbut, $5,000.00 to Plaintiff Alan McMichael, $5,000.00 to Plaintiff Kris Reid, $5,000.00 to Plaintiff David Palomino, and $5,000.00 to Plaintiff Scott Giannetti in compensation for the time, effort, and risk they undertook on behalf of the Settlement Class. These amounts shall be paid from the attorneys' fees awarded to Class Counsel by the Court;

11. The Court approves Class Counsel's Application and awards to Class Counsel attorneys' fees and expenses in the amount of $4,250,000.00. The Court orders that the award of attorneys' fees and expenses be paid in accordance with the terms of the Settlement Agreement;

12. All Settlement Class Members, including Plaintiffs, are hereby found, deemed, and adjudged to have fully, finally, and forever released and discharged all Released Claims against any and all Releasees;

a. In consideration of the terms of the Settlement Agreement, Defendants and the other Releasees, are hereby found, deemed, and adjudged to have fully, finally, and forever released and discharged all actions, causes of action, claims, administrative claims, demands, debts, damages, costs, attorney's fees, obligations, judgments, expenses, compensation, or liabilities, in law or in equity, whether now known or unknown, contingent or absolute, that Defendants now have against Plaintiffs, Settlement Class Members, Class Counsel, or Plaintiffs' Counsel by reason of any act, omission, harm, matter, cause, or event whatsoever arising out of the initiation, prosecution, or settlement of the Lawsuits or the claims and defenses asserted in the Lawsuits (the "Released Defendants' Claims"). The Released Defendants' Claims do not include claims to enforce the Settlement;

b. With respect to any and all Released Claims and Released Defendants' Claims, the Parties stipulate and agree that, upon both the entry of this Final Approval Order, and the passing of the Effective Date, Plaintiffs and Defendants shall expressly waive, and each of the Settlement Class Members and the Releasees shall be deemed to have waived, and by operation of the Final Approval Order shall have waived, relinquished and released any and all provisions, rights and benefits conferred by or under Cal. Civ. Code § 1542 or any law of the United States or any state of the United States or territory of the United States, or principle of common law that governs or limits a person's release of unknown claims, including any law or principle of common law that is similar, comparable or equivalent to Cal. Civ. Code § 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

The Parties acknowledge that they understand the significance and consequence of this release and specific waiver. It is the intention of Plaintiffs and Defendants, and by operation of law, the Settlement Class Members and the Releasees, to completely, fully, finally and forever extinguish any and all Released Claims and Released Defendants' Claims, known or unknown, suspected or unsuspected, which now exist, or heretofore existed, and without regard to the subsequent discovery of additional or different facts. The Parties acknowledge, and the Settlement Class Members and the Releasees by operation of law shall be deemed to have acknowledged, that the

    inclusion of this waiver was separately bargained for and was a material element of the Settlement and was relied upon by each and all of the Parties in entering into the Settlement Agreement;

13. Upon the entry of this Final Approval Order: (1) enforcement of the Settlement Agreement shall be the exclusive remedy for Settlement Class Members with respect to all Released Claims of Settlement Class Members; and (2) the Releasees shall not be subject to liability or expense of any kind to any of the Settlement Class Members, all of whom are hereby permanently barred and enjoined from initiating, asserting, or prosecuting against any of the Releasees, in any federal or state court or tribunal, any Released Claim. Settlement Class Members who are prosecuting or asserting any of the Released Claims are ordered to take whatever measures are necessary to effectuate the dismissal of their claims;

14. If, after the entry by this Court of this Final Approval Order, a notice of appeal of this Final Approval Order is timely filed by any party, objector, claimant, or other person or entity, and if an appellate court makes a final determination that this Final Approval Order is in any respect invalid, contrary to law, or unenforceable, Defendants' stipulation to certification of the Settlement Class shall be null and void, and the Parties shall return to their respective positions in the Lawsuits as those positions existed on September 3, 2015, when the Parties reached an agreement-in-principle to settle. The final Court-ordered amount of any award of attorneys' fees and expenses to Class Counsel or case contribution awards to Plaintiffs is a matter separate and apart from the Settlement Agreement and this Final Approval Order. Neither the decision by the Court concerning the award of attorneys' fees and expenses to Class Counsel or case contribution awards to Plaintiffs nor any appeal of the Court's order concerning an award of attorneys' fees and expenses to Class Counsel or case contribution awards to Plaintiffs shall affect the validity or finality of the Settlement;

15. The Parties entered into the Settlement Agreement for the purpose of compromising and settling disputed claims. Nothing in the Settlement Agreement or in the documents relating to the Settlement Agreement shall be construed, deemed, or offered as an admission by any of the Parties, or by any member of the Settlement Class, for any purpose in any judicial or administrative action or proceeding, whether in law or in equity, regardless of whether the Settlement Agreement ultimately becomes effective;

16. The Second Consolidated Amended Complaint (Doc. No. 97), which the Court finds was filed on a good faith basis in accordance with Rule 11 of the Federal Rules of Civil Procedure based upon all publicly available information, is hereby dismissed with prejudice and without costs, except as provided in the Stipulation, as against the Defendants. The Court finds that all Parties and their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein. The Court further orders the entry of, and hereby enters, this Final Approval Order. The Court expressly retains jurisdiction over all matters

relating to the adjudication of claims and the provision of benefits as provided by the Preliminary Approval Order and by this Final Approval Order, as well as all other matters relating to the administration and consummation of the Settlement; and

17. The Clerk of Court is directed to close the above-captioned action.

                                             s/ Yvette Kane
                                             Yvette Kane, District Judge
                                             United States District Court
                                             Middle District of Pennsylvania